# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RALPH H. HOLLER and <br> LINDA HOLLER, <br><br> Plaintiffs, <br><br> v. <br><br> MATERIALS INSPECTION & <br> TESTING, INC. and TIMOTHY REAMS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CAUSE NO. 1:09-cv-352 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **OPINION AND ORDER**

Before the Court is a Petition for Removal (Docket # 2) filed by Defendants Materials Inspection & Testing, Inc. and Timothy Reams, removing this case from the Allen County, Indiana, Superior Court to this Court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441.

However, removal is seemingly improper pursuant to the "forum defendant" rule (also referred to as the "no-local-defendant" limitation in some jurisdictions) of 28 U.S.C. § 1441(b). Under this rule, a case is removable on the grounds of diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *see Holmstrom v. Peterson*, 492 F.3d 833, 834-35 (7th Cir. 2007); *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378-80 (7th Cir. 2000); *Lamotte v. Roundy's, Inc.*, 27 F.3d 314, 315-16 (7th Cir. 1994); *Gragg v. Alfa Laval, Inc.*, No. 09-cv-773, 2009 WL 4110389, at *2 (S.D. Ill. Nov. 20, 2009); *Chumley v. Goertzen*, No. 1:07-cv-102, 2007 WL 1364644, at *1 (N.D. Ind. May 4, 2007); *see generally Ayemou v. Amvac Chemical Corp.*, 312 Fed. Appx. 24, 30 (9th Cir. 2008); *Spencer v. U.S. Dist. Court for the N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004); *Herd v. Scotty's Contracting & Stone, LLC*, No. 09-cv-313, 2009

WL 4016004, at *3 (E.D. Ky. Nov. 19, 2009). As this case was removed from an Indiana state court by the Defendants on the grounds of diversity, but with Materials Inspection & Testing, Inc. and Timothy Reams both purportedly citizens of Indiana, the removal was ostensibly in violation of Section 1441(b)'s "forum defendant" rule. *See* 28 U.S.C. § 1441(b); *Holmstrom*, 492 F.3d at 834-35; *Hurley*, 222 F.3d at 378-80; *Gragg*, 2009 WL 4110389, at *2; *Chumley*, 2007 WL 1364644, at *1.

Accordingly, if Plaintiffs seek to remand the case due to an alleged violation of the "forum defendant" rule, or if they seek a remand on any other basis, they are to file a motion to remand with this Court on or before January 15, 2010.

SO ORDERED.

Enter for December 17, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge